(Pleito No. 68.—Fallado el 30 de Julio de 1900.)

## CHARNECO contra BANCO.

RECURSO contra sentencia dictada por el Tribunal de Distrito de San Juan.

RECURSO DE CASACIÓN. De acuerdo con la Sección 7ª del artículo 1,690 de la Ley de Enjuiciamiento Civil, en todo recurso de casación por infracción de ley, se precisará si el error es de hecho ó de derecho, debiéndose citar la ley ó doctrina infringida si el error es de derecho.

### SENTENCIA.

En la Ciudad de San Juan Bautista de Puerto Rico, á treinta de Julio de mil novecientos, en el expediente de suspensión de pagos, instado por Don Antonio Charneco Ruiz, del comercio de Añasco, é incidente seguido en el suprimido Juzgado de 1ª Instancia de Mayagüez y en el Tribunal del Distrito de San Juan por la Sucursal del Banco Español de Puerto Rico, establecido en aquella Ciudad, con dicho Charneco, sobre nulidad de actuaciones; cuyo incidente pende ante Nos en virtud de recurso de casación por infracción de ley, interpuesto por Charneco, representado y dirigido por el Letrado Don Hilario Cuevillas, habiéndolo estado la mencionada sociedad bancaria, parte recurrida, por el Letrado Don Antonio Sarmiento Porras.—Resultando: Que Don Antonio Charneco Ruiz, comerciante y vecino del pueblo de Añasco, acudió al Juzgado de 1ª Instancia de Mayagüez con escrito fecha diez y seis de Noviembre de mil ochocientos noventa y ocho, en el cual, invocando el artículo 871 en relación con el 870 del Código de Comercio, reformado por Real Decreto de veinte y cinco de Junio de mil ochocientos noventa y siete, pidió se le declarara en estado de suspensión de pagos, á cuyo fin presentó proposición de convenio, en que ofrecía pagar íntegras sus deudas en el trascurso de tres años, sin interés alguno, á contar desde el día en que dicho convenio fuera aprobado, y acompañó á su instancia relación de los bienes que constituían su activo, montante noventa mil ochocientos tres pesos diez y siete

centavos, y otra de los créditos que constituían el pasivo, ascendente á sesenta y nueve mil trescientos setenta y nueve pesos sesenta y ocho centavos, figurando entre los acreedores la Sucursal del Banco Español de Puerto Rico por cantidad de nueve mil treinta y nueve pesos seis centavos.—Resultando: Que el Juez de Mayagüez, por auto de diez y ocho de Noviembre citado, declaró en estado de suspensión de pagos á Don Antonio Charneco Ruiz, mandando se convocara á todos sus acreedores para la Junta que había de tener lugar el día quince de Abril del año siguiente.—Resultando: Que el Banco Español de Puerto Rico en escrito de diez y seis de Diciembre formuló demanda incidental para que con suspensión del asunto principal se declarase por definitiva la nulidad de lo actuado, y en estado de quiebra á Don Antonio Charneco, con los demás pronunciamientos que determan los artículos 1,331 y siguientes de la Ley de Enjuiciamiento Civil y las costas á cargo del demandado; alegando en apoyo de su pretensión que en catorce de Noviembre anterior la Sucursal de Mayagüez había promovido diligencias preparatorias de ejecución contra Charneco, y obtenido el embargo preventivo de sus bienes por la suma de cuatro mil ochocientos nueve pesos seis centavos que le adeudaba é intereses convenidos al doce por ciento anual, según rezaban tres pagarés unidos á dichas diligencias, otorgados por el expresado Charneco, dos á la orden de los Señores Schulze y Cª, y el tercero á la de los Señores Salgado y Cª, endosados á favor de dicha institución bancaria, y vencidos en treinta y uno de Agosto, treinta de Septiembre y treinta de Octubre de mil ochocientos noventa y ocho, cuyo pago había reclamado extrajudicialmente á Charneco en carta de nueve de Noviembre á la que contestó Charneco con otra del día once del mismo mes serle imposible recoger sus obligaciones vencidas, por lo cual era claro que al presentarse en estado de suspensión de pagos el día diez y seis habían transcurrido más de cuarenta y ocho horas desde que le fué reclamado el cumplimiento de la obligación vencida; y en su virtud pro-

cedía la declaratoria de nulidad solicitada con la consiguiente de quiebra, en armonía con lo que previenen los artículos 871 y 874 del Código de Comercio y las sentencias del Tribunal Supremo de Justicia de veinte y siete de Febrero y trece de Diciembre de mil ochocientos ochenta y nueve y diez y ocho de Febrero de mil ochocientos noventa y siete, según las cuales el término de cuarenta y ocho horas que la ley concede al comerciante para presentarse en estado de suspensión de pagos debe contarse desde que se le haya reclamado el cumplimiento de la obligación vencida.—Resultando: Que el Banco Español acompañó á la demanda de nulidad copia de la carta que dirigió á Charneco en núeve de Noviembre de mil ochocientos noventa y ocho, en la que le manifestaba que si antes del sábado no iba á arreglar el documento en cuestión, entregaría al Procurador todos sus documentos vencidos, para que gestionara el cobro, é igualmente presentó la carta de once de Noviembre escrita por Charneco en contestación á aquélla, expresando serle materialmente imposible recoger sus obligaciones vencidas, por lo que si sus acreedores no querían ser benévolos con él concediéndole una espera, se vería en el caso de presentarse en suspensión de pagos.—Resultando: Que conferido traslado con suspensión de todo trámite á Don Antonio Charneco, solicitó se declarara por sentencia no haber lugar á la nulidad y declaración de quiebra que se pretendía por la parte contraria, á cuyo fin alegó que antes de las cuarenta y ocho horas de la fecha en que se presentó en suspensión de pagos no le había sido reclamada judicialmente obligación alguna, y si bien medió una correspondencia privada entre él y el Banco cobrándole éste su crédito, esa misma correspondencia acusaba el propósito de entrar en un arreglo de prórroga ó garantía, como lo demostraban las dos cartas que le dirigió Don Santiago Saenz, director del Banco, en veinte y uno de Octubre y cuatro de Noviembre de mil ochocientos noventa y ocho, después de las cuales fué que dicho acreedor trató de preparar la vía ejecutiva y pidió

embargo preventivo de sus bienes, estableciendo más tarde la correspondiente demanda cuando ya se había presentado en suspensión de pagos, por cuyos fundamentos de hecho procedía declarar sin lugar el incidente propuesto; invocando en apoyo de su derecho los artículos 870 y 944 del Código de Comercio y las sentencias del Tribunal Supremo de Justicia de once de Julio de mil ochocientos noventa y cuatro y once de Febrero de mil ochocientos noventa y cinco, según las cuales el transcurso de las cuarenta y ocho horas siguientes al vencimiento de una obligación no era obstáculo al estado de suspensión de pagos sino se había pedido ó reclamado formalmente el cumplimiento de dicha obligación.—Resultando: Que al escrito de contestación acompañó Don Antonio Charneco las cartas de veinte y uno de Octubre y cuatro de Noviembre de que se deja hecho mérito, siendo de notar que en la primera de ellas le expresaba el Director del Banco que obraba en poder de éste la proposición de aquél para retirar un documento por dos mil cuatrocientos setenta y tres pesos quince centavos vencidos en treinta y uno de Agosto de mil ochocientos noventa y ocho, á cuyo fin ofrecía en metálico ochocientos pesos, deseando saber dicho Director á la mayor brevedad qué pagarés ó garantía ofrecía para que se le concediera el préstamo que solicitaba por la diferencia de mil seiscientos setenta y tres pesos quince centavos, pues había recibido instrucciones terminantes de tener cobrados para fin de dicho mes todos los valores pendientes; mientras que en la otra carta el repetido Director del Banco manifestaba á Charneco el disgusto con que se había visto su demora en recoger el pagaré ya mencionado, rogándole al propio tiempo que el lunes siguiente á más tardar fuera á convenir la mejor forma de retirarlo, por estar en el ánimo del Consejo coadyuvar en lo posible á que diera cumplimiento al compromiso contraído.—Resultando: Que abierto el incidente á prueba se trajo á los autos, á instancia del Banco, certificación librada por el Escribano Don

Agustín Roselló de que el escrito solicitando recono-
cimiento de firma por Charneco y el embargo pre-
ventivo de sus bienes fué presentado en catorce de No-
viembre de mil ochocientos noventa y ocho; y declaró el
Letrado Don Tomás Bryan que los autos á que dicho escrito
dío lugar le fueron pasados para asesorar en la mañana de
dicho día, habiendo reconocido además Charneco como suya
la carta de once de Noviembre que el Banco presentó al pro-
mover el incidente.—Resultando: De las pruebas suminis-
tradas por Don Antonio Charneco, que el embargo preventivo
de los bienes de éste, acordado mediante reclamación del
Banco, se llevó á efecto en quince de Noviembre de mil ocho-
cientos noventa y ocho, y al día siguiente, á las cinco de la
tarde, se presentó en suspensión de pagos; habiendo recono-
cido Don Santiago Saenz las dos cartas que acompañó Char-
neco á su escrito de contestación.—Resultando: Que el Juz-
gado de 1ª Instancia de Mayagüez dictó sentencia en veinte
y seis de Mayo de mil ochocientos noventa y nueve, por la
que declaró sin lugar la oposición formulada por el Banco
Español de Puerto Rico á la declaratoria de suspensión de
pagos de Don Antonio Charneco con las costas á cargo de la
parte opositora; é interpuesta apelación contra dicha senten-
cia, fué revocada ésta por el Tribunal del Distrito de San
Juan, el que por la suya de ocho de Noviembre último de-
claró con lugar la oposición formulada por la Sucursal del
Banco Español en Mayagüez á la declatoria del estado de
suspensión de pagos de Don Antonio Charneco, la que declaró
nula, dejando á sus acreedores expeditos para que ejerciten
su derecho en la vía y forma que corresponda, con arreglo á
derecho, sin especial condenación de costas en ambas instan-
cias.—Resultando: Que contra esa sentencia ha interpuesto
Don Antonio Charneco recurso de casación por infracción de
ley y de doctrina legal, autorizado por los números 1º y 7º
del artículo 1,690 de la Ley de Enjuiciamiento Civil, en re-
lación con el 79 de la Orden General número 118 y la otra
Orden General número 182. alegando los siguientes motivos:

—1? Infracción de los artículos 870 y 871 del Código de Comercio, reformado por Real Decreto de veinte y cinco de Junio de mil ochocientos noventa y seite, en cuanto se declara que la suspensión de pagos no fué presentada en tiempo, por no estar Don Antonio Charneco en condiciones legales para solicitarla.—2? Violación de la doctrina legal contenida en las sentencias del Tribunal Supremo de Justicia de España de veinte y siete de Febrero de mil ochocientos ochenta y nueve y once de Febrero de mil ochocientos noventa y cinco, en cuanto se declara que el término de cuarenta y ocho horas para presentarse el comerciante en estado de suspensión de pagos empieza á correr desde que la obligación está vencida, aunque no haya sido reclamada.— 3? Infracción del artículo 1,433 de la Ley de Enjuiciamiento Civil, que estatuye que no puede despacharse ejecución, sin estar vencido el plazo, aunque esté reconocida la firma del documento.—4? Infracción de los artículos 61, 62 y 63 del Código de Comercio, en cuanto la sentencia fija términos de cumplimiento de las obligaciones mercantiles de modo contrario á lo que esos artículos determinan.— 5? Mala apreciación de las pruebas constituídas por las cartas de nueve y once de Noviembre de mil ochocientos noventa y ocho, porque esas cartas bien apreciadas declaran que no estaba vencido el plazo cuando la sentencia lo expresa, para el efecto de computar las cuarenta y ocho horas dentro de las cuales se debió presentar la suspensión de pagos.— 6? Erróneá apreciación de las pruebas constituídas por la declaración del Letrado Don Tomás Bryan y por la certificación del Escribano Don Agustín Roselló, porque apreciadas bien esas pruebas, resulta que la reclamación de suspensión de pagos estuvo hecha en tiempo.—7? Infracción de los artículos 1,427 en su párrafo 2?, 1,428, 1,430, y párrafo último del 1,433 de la Ley de Enjuiciamiento Civil, en cuanto se confunde la petición de reconocimiento de firma con el hecho de estar vencida la obligación.—Resultando: Que la representación del Banco Español impugnó en el

acto de la vista el recurso interpuesto, sosteniéndolo la defensa de Don Antonio Charneco.—Visto: Siendo Ponente el Juez Asociado Don José C. Hernández.—Considerando que la sentencia recurrida estima, por la apreciación de las pruebas, que Don Antonio Charneco se halla fuera de las condiciones necesarias para acogerse al beneficio de la suspensión de pagos, por no haberse presentado en dicho estado dentro de las cuarenta y ocho horas siguientes al vencimiento de la obligación que le reclamó el Banco Español de Puerto Rico y aquél no satisfizo; y que esa apreciación del Tribunal a quo es indiscutible, porque si bien contra dicha sentencia se ha interpuesto recurso de casación por infracción de ley, fundado en el número 7º del artículo 1,690 de la Ley de Enjuiciamiento Civil, ó sea por error en la apreciación de las pruebas, no se precisa, como ha debido hacerse, si ese error es de hecho ó de derecho, ni tampoco para el segundo caso se cita ley ó doctrina infringida en la materia, en cumplimiento de lo que dispone el artículo 1,718 de la mencionada Ley de Enjuiciamiento Civil.—Considerando: Que si es indiscutible en casación, por no haberse impugnado en forma la apreciación de las pruebas hecha por el Tribunal sentenciador, que Charneco se presentó en suspensión de pagos, pasadas ya las cuarenta y ocho horas siguientes al vencimiento de una obligación reclamada y no satisfecha, es claro que lejos de ser infringidos, han sido rectamente aplicados los artículos 870 y 871 del Código de Comercio, reformado por Real Decreto de veinte y cinco de Junio de mil ochocientos noventa y siete, teniéndose además presente la jurisprudencia del Tribunal Supremo de Justicia que también se invoca.—Considerando: Que no son pertinentes al recurso los artículos 61, 62 y 63 del Código de Comercio, por cuanto en el incidente no se discutió si la obligación de Charneco estaba vencida, en lo cual convenían ambas partes, si no se había reclamado en forma su cumplimiento; y que tampoco son pertinentes al caso los artículos 1,427, párrafo 2º, 1,428, 1,430 y párrafo último del 1,433 de la

Ley de Enjuiciamiento Civil, por referirse esos artículos al procedimiento del juicio ejecutivo y no contener precepto alguno concerniente al derecho del comerciante para presentarse en suspensión de pagos, que es la materia del debate.— Considerando: Que en mérito de las razones expuestas es de desestimarse el recurso por todos los motivos que le sirven de fundamento.— Fallamos: Que debemos declarar y declaramos no haber lugar al recurso de casación interpuesto por Don Antonio Charneco Ruiz, al que condenamos en las costas; y devuélvanse los autos al Tribunal de Distrito de San Juan con la certificación correspondiente á los efectos oportunos. —Así por esta nuestra sentencia, que se publicará en la *Gaceta Oficial*, lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figueras.—Rafael Nieto y Abeillé.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado Don José C. Hernández, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico á treinta de Julio de mil novecientos.—E. de J. López Gaztambide.